King *v.* Knapp.

———————•••———————

## King *vs.* Knapp and others.

Where, in an action brought by the purchaser of a lot sold at auction, to recover back the amount of purchase money paid down, expenses of survey and examination of title, and for a rescission of the contract, the court below found, as matter of fact, that the plaintiff contracted to purchase "Lot 45 Crosby street, 25 feet, more or less, front and rear, by 100 feet deep on each side," and from that fact concluded, as matter of law, that the purchaser was bound to take a lot "24 feet 2 inches front, more or less," and not of equal width, but one that followed the line of an encroaching building which varied the width at different points; *Held* that the conclusion of law was not warranted by the fact found; and that a judgment in accordance therewith was erroneous.

*Held, also,* that the plaintiff was at least entitled to a conveyance that would give him the whole of lot 45 Crosby street, so that whenever the encroachment should be removed, he would take the entire lot.

*Held, further,* that it was not a question whether lot 45 was really more or less than 25 feet wide; but, whether the purchaser of that lot was entitled to it, whatever its size, without an encroachment which seriously embarrassed the title to a part of the lot, and impaired the value of the whole.

APPEAL, by the plaintiff, from a judgment entered upon the decision of Justice Barnard, before whom the action was tried, at Special Term.

The action was commenced by the plaintiff, the purchaser, to recover the ten per cent. and auctioneers' fees, paid on a sale at auction of house and lot No. 45 Crosby street, in the city of New York, and for a rescission of the contract.

The defendants, the sellers, set up as a defence that the contract of sale was made in writing, and that at the time fixed for its completion, they were ready and able

to give a good title to the property sold, and made a tender of the deed, which was refused, and claimed to have the contract specifically performed.

The ground upon which the plaintiff sought to rescind the contract was, that the premises which he had purchased, were represented and described as being twenty-five feet front and rear, whereas there was an encroachment, stated in the complaint to be some ten inches in front, and extending some thirty feet in the rear, where it increases to sixteen inches.

The facts are stated in the opinion.

*John E. Parsons,* for the appellant.

*John E. Burrill,* for the respondents.

*By the Court,* DAVIS, J. The complaint in this action avers, in substance, that on the 11th day of February, 1869, the defendants exposed for sale at public auction a house and lot of land in the city of New York, known as No. 45 Crosby street; that said lot was represented at the sale to be twenty-five feet in width by one hundred in depth, with straight side lines, making it of equal width from front to rear; that relying on such representations, the plaintiff bid off the property at $25,900, and paid down ten per cent. of that sum, and the auctioneer's fees; that the lot was to be conveyed by warranty deed, with good title in fee simple, free from all incumbrances, on the 13th day of March, 1869, at which time the balance of the purchase price was to be paid or secured by mortgage; that the plaintiff caused a survey of the lot to be made, and found that the northerly wall of house No. 43 Crosby street, encroached on the premises bid off by him ten inches in front on said street, which encroachment increased until at a distance of thirty feet from the street it became sixteen inches, and for thirty feet further such encroach-

ment was about two inches; that the owners of No. 43 claim to own and to possess by adverse title that part of lot 45 so encroached upon; that the defendants well knew of the encroachment, and knowingly withheld such fact from the plaintiff, at the sale, and that plaintiff was ignorant thereof till informed subsequently to the sale, by the surveyor; that the owners of No. 43 refuse to remove the encroaching building, and insist that they have acquired title by adverse possession. That such encroachment diminishes the value of the lot, and makes the southerly line or side thereof irregular, so as to greatly diminish the value of the lot for purposes of improvement. The plaintiff also avers his readiness to perform and take title to the lot as purchased, and that the defendants have been unable to convey said lot on account of the encroachments; and he prays for rescission of the contract and a return of the ten per cent. paid, with his expenses, &c.

The defendants by their answer say, that on and prior to the 11th day of February, 1869, they were the owners in fee simple of a lot of land in this city, designated on a map made of the lands of Nicholas Bayard, Esq., as lot No. 1,155, fronting on Crosby street, *which lot was twenty-five feet in width front and rear, by one hundred feet in depth on each side;* and that upon said lot was a house twenty-one feet and two inches wide in front, with an alley adjoining on the north side thereof, three feet wide; that on the south side of said house No. 45 Crosby street, *there had been an inadvertent encroachment upon said lot substantially in the manner described in said plaintiff's complaint;* but said encroachment *had been acknowledged by the owner of the adjoining premises,* and that he had agreed to remove it whenever required; that the property was exposed for sale at the time and substantially in the manner alleged in the complaint; that the terms of the sale stated the width of the premises to be twenty-five

feet more or less; and that plaintiff signed a memoran-
dum of his purchase in which the premises are described
to be "twenty-five feet more or less front and rear, by
one hundred feet on each side;" and they aver readi-
ness on their part to convey on the 13th of March, and
to fulfil the contract of sale in all respects, and failure
to fulfil on the part of the plaintiff, and that they offered
to convey, and were able to convey, by good title, "all
the premises purchased" by the plaintiff as aforesaid.

For a second defence they aver, that after the plain-
tiff's objecting to fulfil his contract on account of such
encroachment, it was mutually agreed between the plain-
tiff and defendants that the defendants would commence
proceedings at law to recover the premises so encroached
upon, at their own expense, the premises to be rented in
the meantime, and that the time for performing the con-
tract should be extended till the recovery; that such
proceedings were so commenced and were still pending
undetermined at the commencement of this suit.

In their first defence the defendants, by way of coun-
ter claim, pray judgment against the plaintiff for the
residue of the sum agreed to be paid by him, &c.

It is to be observed that the answer states the lot sold
to be twenty-five feet front and rear by one hundred
deep, and admits the encroachment of the adjoining house
(No. 43) substantially as alleged in the complaint. It
does not allege that the encroachment was made known
at the time of the sale to the plaintiff, but avers it to be
an "inadvertent encroachment" "acknowledged by the
owner of the adjoining premises." It insists, however,
that the lot was sold and purchased as one "twenty-five
feet front and rear, more or less." The substance of the
allegation is that the lot is in fact twenty-five feet front
and rear by one hundred feet in depth; that the en-
croachment of the adjoining owner is an inadvertent
one which the owner acknowledges and is therefore no
incumbrance, and that the defendants having sold the

lot as twenty-five feet, more or less, are entitled to convey it by such a description.

Taking the averments of the answer as true, it is apparent that the plaintiff under a conveyance describing the lot as "twenty-five feet front and rear, more or less, in width, would take title to a lot twenty-five feet wide on which existed an inadvertent encroachment which the owner of lot forty-three acknowledged to be such, and was therefore bound to remove. The words "more or less" would have no practical effect in such a case, and certainly could not be construed to diminish the width of the lot sold, by in anywise validating the encroachment so as to destroy the title to the portion of the lot encroached upon.

Under these pleadings the case has been tried, and, upon somewhat conflicting evidence, the court has found, amongst other things, that at the time of the sale the terms of the sale were read by the auctioneer, "which described said premises as lot 45 Crosby street, east side, twenty-five feet, more or less, front and rear, by one hundred feet deep on each side;" and that after the premises were struck off to plaintiff he signed a memorandum of his purchase which described the same as "house and lot No. 45 Crosby street, on the east side of Crosby street, twenty-five feet, more or less, front and rear, by one hundred feet deep on east side." And that the defendants were ready and able in all respects to fulfil the contract on the 13th of March, and tendered a warranty deed conveying to said plaintiff a good title in fee simple free and clear from all incumbrances of the premises mentioned and referred to in the contract, and that the plaintiff refused to receive the same and make payment according to the terms of his contract, and thereby made default and broke the same.

The court then finds, as matter of law, that the defendants are entitled to judgment for the residue of the purchase money with interest upon executing and de-

livering a warranty deed, "conveying to said plaintiff in fee simple, free and clear of all incumbrances, the premises mentioned in said complaint by the following description"—then giving a description by metes and bounds, commencing at the point where the house on 45 Crosby street meets Crosby street, thence easterly one hundred feet more or less to the north-easterly corner of another building on said lot, thence southerly twenty-five feet more or less to the south-easterly corner of the last named building, thence "*westerly to the northerly wall of the buildings and premises known as No.* 43 *Crosby street, as the same now stands, to the easterly side of Crosby street, and thence northerly along the the same twenty-four feet and two inches, more or less, to the place of beginning.*"

The judgment follows this conclusion of law, and requires the plaintiff to accept a conveyance of the land by this description.

This seems to be a most singular conclusion of law from the fact found. The fact found is that the plaintiff contracted to purchase the lot as twenty-five feet, more or less, front and rear ; from which fact the court concludes, as matter of law, that he is bound to take a lot "twenty-four feet two inches front, more or less," and not of equal width, but one which follows the line of an encroaching building which varies the width at different points from two inches at the rear to sixteen inches in the centre, and thence down to ten inches at the front. I think the law makes no such conclusion from the fact found, and that the judgment is palpably erroneous in this respect. The plaintiff would, at least, be entitled to a conveyance that would give him the whole of No. 45 Crosby street, so that whenever the "inadvertent encroachment" was removed he would take the entire lot. According to the judgment he is excluded from all right to the portions encroached upon, and obliged

King *v.* Knapp.

to take an irregular line such as could not have been contemplated at the time of the sale, by either party.

On looking at the evidence, it appears that the encroachment was something more serious than an inadvertence; that it had been known to defendants for from fifteen to twenty-five years, and that it was claimed by the owner of the encroaching building to have become his by an adverse possession of more than twenty years; and that an action of ejectment to recover the encroached ground by defendants had been brought against such owner, which was defended by him and was still pending. The court was requested to find the encroachment, but refused, and the plaintiff excepted. And yet, in the conclusion of law and in the judgment, the court followed the irregular line of the encroachment to find the boundary of the lot which it held the plaintiff bound to take. I think this was error. It is manifest from the uncontradicted evidence in the case that a serious encroachment existed; that it was known to defendants and unknown to plaintiff. It was an incumbrance which, if it had not ripened into title by adverse possession, was yet one which seriously affected the value of the premises and greatly interfered with their improvement. The plaintiff bought the whole lot "twenty-five feet front *more or less*," and was entitled to the whole lot, and not to the lot as reduced by such an intrusion as the defendants claimed this to be. It is not a question whether lot "forty-five" is really more or less than twenty-five feet wide; but whether the purchaser of that lot is entitled to it whatever its size, without an encroachment which seriously embarrasses the title to a part of the lot and impairs the value of the whole.

I think the judgment should be reversed, and a new trial ordered, with costs to abide event.

New trial ordered.

[First Department, General Term, at New York, January, 1873. *Ingraham, Fancher* and *Davis*, Justices.]